UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MICHAEL R. WHIPPLE,                               CIVIL NO. 15-4505 (JRT/JSM)

      Petitioner,

v.                                                REPORT AND RECOMMENDATION

NANCY JOHNSTON, CEO of the
Minnesota Sex Offender Program; and
LORI SWANSON, the Attorney General
of the State of Minnesota,

      Respondents.


JANIE S. MAYERON, United States Magistrate Judge

In 1986, petitioner Michael R. Whipple was convicted on a charge of first-degree rape in South Dakota. In 2005, Whipple pleaded guilty in Minnesota state court to one count of third-degree criminal sexual conduct in violation of Minn. Stat. § 609.344. *See Whipple v. Minnesota*, No. A14-1112, 2014 WL 7344358, at *1 (Minn. Ct. App. Dec. 29, 2014). Between the time of those two convictions, Minnesota adopted the following provision:

> Notwithstanding the statutory maximum sentence otherwise applicable to the offense or any provision of the Sentencing Guidelines, when a court sentences a person to prison for a violation of section 609.342, 609.343, 609.344, or 609.345, the court shall provide that after the person has completed the sentence imposed, the commissioner of corrections shall place the person on conditional release. If the person was convicted for a violation of section 609.342, 609.343, 609.344, or 609.345, the person shall be placed on conditional release for five years, minus the time the person served on supervised release. *If the person was convicted for a violation of one of those sections after a previous sex offense conviction as defined in subdivision 5, or sentenced under subdivision 6 to a mandatory departure, the person*

1

> *shall be placed on conditional release for ten years*, minus the time the person served on supervised release.

Minn. Stat. § 609.109, subd. 7 (2004) (emphasis added).[1] The sentencing court in 2005 applied this provision when sentencing Whipple to a 48-month term of imprisonment with a 10-year term of conditional release to follow.

This matter is before the Court on Whipple's amended petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254.  *See* Docket No. 8.  Whipple alleges in his habeas petition that, by applying the 10-year mandatory term of conditional release, the sentencing court violated the *ex post facto* clause of the Constitution, as Minn. Stat. § 609.109 was not in effect at the time he committed the 1986 predicate offense that triggered the 10-year mandatory term of conditional release in 2005, and he would not have been eligible for a conditional-release term of that length in the absence of Minn. Stat. § 609.109.  The petition has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  This Court has conducted a preliminary review of Whipple's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, this Court concludes that Whipple's habeas petition is untimely and recommends dismissal on that basis.

An in-depth analysis of the merits of Whipple's claim is unnecessary, because Whipple's petition is plainly barred by the relevant statute of limitations.  Under 28 U.S.C. § 2244(d)(1):

---

[1] A different subsection of Minn. Stat. § 609.109 was later struck down as unconstitutional by the Minnesota Supreme Court, *see State v. Shattuck*, 704 N.W.2d 131 (Minn. 2005), and the statute as a whole — including subdivision 7 — was repealed by the Minnesota Legislature in 2006.

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The final three of those provisions are inapplicable to this case, as (1) there was never any impediment to Whipple filing a habeas petition previously; (2) Whipple is not asserting that he is entitled to relief pursuant to a constitutional right only recently recognized by the Supreme Court;[2] and (3) Whipple's claim is not predicated on any new factual discovery.

---

[2] Whipple's habeas petition is sometimes hard to follow, as he speaks in the present tense about claims previously raised in the state court. Whipple once raised a challenge to his ongoing detention on the basis that *Padilla v. Kentucky*, 559 U.S. 356 (2010) (recognizing the right to effective assistance of counsel at the plea-bargaining stage) applied retroactively to his case. *See Whipple v. State*, No. A12-1713, 2013 WL 2372168 (Minn. Ct. App. June 3, 2013). He is not raising such a claim in this petition. Even if he were, though, a claim based on *Padilla* could not re-open the 1-year

3

Under § 2244(d)(1)(A), then, Whipple was required to file his habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." That limitations window long ago closed. As explained above, the sentence challenged by Whipple was imposed after Whipple pleaded guilty to third-degree criminal sexual conduct in 2005. Whipple did not appeal that conviction. *See Whipple v. State*, No. A12-1713, 2013 WL 2372168, at *2 (Minn. Ct. App. June 3, 2013). The time for Whipple to seek direct review of his conviction and sentence expired 90 days after judgment was entered in his criminal case. *See* Minn. R. Crim. P. 28.05. The criminal judgment became final when Whipple did not file a notice of appeal by February 28, 2006, and the 1-year limitations clock began running on that date under § 2244(d)(1)(A). On February 28, 2007, the clock ran out. Whipple could have challenged the legality of his sentence by that date, but he did not. It is now too late for Whipple to seek federal habeas relief.[3]

---

limitations period, as *Padilla* does not apply retroactively to cases on collateral review. *See Chaidez v. United States*, 133 S. Ct. 1103, 1113 (2013).

[3]     Whipple has, at various times, filed motions for post-conviction relief in state court arguing that his sentence is invalid. Under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." But § 2244(d)(2) only pauses, not restarts, the one-year limitations clock. *See Jones v. Minnesota*, 2015 WL 672077, at *12 (D. Minn. Feb. 17, 2015) (citing *Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005)). Unquestionably, more than one year has elapsed since the date Whipple's conviction became final and the date this action commenced, even after excluding periods during which Whipple's post-conviction motions were pending in state court. According to the trial docket maintained by the Minnesota state courts, Whipple's first motion for post-conviction relief was not filed until 2012. Indeed, Whipple conceded in that 2012 post-conviction petition that his request for relief was untimely under the *two*-year limitations period set by state law, although he argued that the state courts should nevertheless consider the petition on the merits. *See Whipple*, 2013 WL 2372168, at *2.

Whipple may argue that his petition is timely because it was filed within one year of the date that review of his *ex post facto* claim concluded in the state courts (the Minnesota Supreme Court declined review of the dismissal of that claim on March 17, 2015). But the relevant and triggering date under § 2244(d)(1)(A) is not the date that exhaustion of a claim is completed, but instead "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The judgment challenged by Whipple became final in 2006 when the period for seeking direct review of that judgment expired. The fact that the Minnesota courts reviewed (and denied) Whipple's claim on the merits several years after the judgment became final does not mean that Whipple's habeas petition is timely under § 2244(d).

Although the question need not be reached, this Court also notes that Whipple's challenge is without merit. The finding of the Minnesota Court of Appeals that the application of Minn. Stat. § 609.109, subd. 7 did not violate the *ex post facto* clause neither "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" nor "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "A law is not retroactive simply because it 'draws upon antecedent facts for its operation.'" *United States v. Hemmings*, 258 F.3d 587, 594 (7th Cir. 2001) (quoting *Cox v. Hart*, 260 U.S. 427, 435 (1922)). "The critical factor in these decisions is that the prohibited conduct" — in this case, third-degree criminal sexual conduct — "occurred after enactment of the statute." *United States v. Pfeifer*,

5

371 F.3d 430, 436 (8th Cir. 2004).  Whipple committed the criminal acts for which he was sentenced in 2005 after Minn. Stat. § 609.109, subd. 7 had become law.  The fact that the sentencing enhancement found in that statute was triggered by a predicate offense (the 1983 rape conviction) that occurred *prior* to the passage of that statute is "immaterial" for purposes of the *ex post facto* clause.  *Id*.

Nevertheless, the Court need not reach the merits of Whipple's habeas petition, as it is untimely and therefore, squarely barred by § 2244(d).  This Court recommends that the habeas petition be dismissed on that untimeliness.

Only one matter merits further comment:  A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA").  *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Whipple's current habeas corpus petition differently than it is being treated here.  Whipple has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review.  It is therefore recommended that Whipple should not be granted a COA in this matter.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Petitioner Michael R. Whipple's amended petition for a writ of habeas corpus [Docket No. 8] be DENIED.

2. Whipple's application to proceed *in forma pauperis* [Docket No. 3] be DENIED.

3. No certificate of appealability be issued.

Dated: March 11, 2016

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

**NOTICE**

**Filing Objections**: This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date**: This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.