## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL R. WHIPPLE, | Civil No. 15-4505 (JRT/JSM) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| NANCY JOHNSTON and LORI SWANSON, | |
| Respondents. | |

Michael R. Whipple, #209714, MSOP-Moose Lake, 1111 Highway 73, Moose Lake, MN 55767, *pro se*.

Donald F. Ryan, County Attorney, **CROW WING COUNTY ATTORNEY'S** OFFICE, 213 Laurel Street, Suite 31, Brainerd, MN 56401, 55101, for respondents.

This § 2254 habeas petition concerns Petitioner Michael R. Whipple's 2005 sentence for a Minnesota sexual misconduct conviction. In 1986, Whipple was convicted of first-degree rape in South Dakota. Then in 2005, Whipple was convicted in Minnesota for third-degree criminal sexual conduct under Minn. Stat. § 609.344. *Whipple v. Minnesota*, No. A14-1112, 2014 WL 7344358, at *1 (Minn. Ct. App. Dec. 29, 2014) (discussing the date of the alleged misconduct), *rev. denied* (Minn. Mar. 17, 2015).

In between those two convictions, Minnesota adopted a statute in 2002 that stated in relevant part, "If a person was convicted for a violation of [Minn. Stat. § 609.344, or one of several other statutes] after a previous sex offence conviction as defined in subdivision 5 . . . the person shall be placed on conditional release for ten years." 2002

Minn. Laws, ch. 385, § 4 (codified at Minn. Stat. § 609.109, sub. 7, until repealed in 2005).[1] At Whipple's sentencing for the 2005 Minnesota conviction, the judge found that the 1986 South Dakota conviction qualified as "a previous sex offence conviction" under § 609.109, subdivision 7, and therefore gave Whipple the mandatory 10 years of conditional release, in addition to a 48-month imprisonment sentence. *Whipple*, 2014 WL 7344358, at *1.[2]

Whipple never appealed his 2005 Minnesota conviction. *Id.* Whipple did, however, file two petitions with the Minnesota state courts, one for post-conviction relief in 2012, and one for correction of sentence in either 2013 or 2014. *Id.* Each of those petitions was denied, and in his second petition the Minnesota Court of Appeals rejected

---

[1] The 2002 changes to § 609.109 extended the mandatory conditional release to those convicted of prior sex offenses in other states, like South Dakota for Whipple's purposes. Prior to 2002 the mandatory conditional release only applied to those convicted under certain Minnesota statutes "a second or subsequent time." 2002 Minn. Laws, ch. 385, § 4. The 2002 act deleted the "second or subsequent time" text and applied the mandatory conditional release to those convicted under the relevant Minnesota's statutes **or** under "any similar statute of the United States, this state, or any other states." *See id.*; Minn. Stat. § 609.109, subdivision 5 (2004).

[2] On June 2, 2005 – prior to the July 3, 2005 conduct directly at issue in Whipple's 2005 Minnesota conviction, and also prior to his guilty plea and sentencing in November 2005 – Minnesota's governor signed into law a statute repealing § 609.109, subdivision 7. 2005 Minn. Laws, ch. 136, art. 2, § 23 (stating the effective date of the repeal); *see Whipple*, 2014 WL 7344358, at *1 (stating the date of the alleged misconduct); *Whipple v. Minnesota*, No. A12-1713, 2013 WL 2372168, at *1 (Minn. Ct. App. June 3, 2013) (stating the date of the plea and the sentencing). Crucially for Whipple's purposes, however, that repeal did not take effect until August 1, 2005, and "applie[d] only to crimes committed on or after that date." *Id.* Because Whipple's criminal conduct took place on July 3, 2005, several weeks before the August 1 repeal took effect, he could not take advantage of the change in the law even though he was sentenced on November 30.

Whipple's argument that as applied to him, § 609.109, subdivision 7, was an impermissible ex post facto law.  *See id.* at *1-2.

On December 21, 2015, Whipple filed with this Court his petition for a writ of habeas corpus under 28 U.S.C. § 2254 and applied to proceed *in forma pauperis* ("IFP").  Whipple again argued that the Minnesota state court's imposition of the mandatory 10-year conditional release for his 2005 conviction violated the Federal Constitution's prohibition against ex post facto laws because, in Whipple's view, the mandatory conditional release was really punishment for his 1986 conviction, which took place long before the enactment of the relevant 2002 version of § 609.109, subdivision 7.  United States Magistrate Judge Janie Mayeron issued a Report & Recommendation ("R&R") recommending that the Court deny Whipple's IFP application and habeas petition and decline to grant a certificate of appealability because the petition was untimely and, even if it were timely, it failed on the merits.  (R&R, Mar. 11, 2016, Docket No. 9.)  Whipple filed objections to the R&R.  (Obj., Mar. 24, 2016, Docket No. 10.)

The Court finds that the Magistrate Judge's findings are correct and will therefore overrule Whipple's objections, adopt the R&R, deny Whipple's IFP application, deny his habeas petition, and decline to grant a certificate of appealability.

**ANALYSIS**

**I.    STANDARD OF REVIEW**

Upon the filing of an R&R by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ.

P. 72(b)(2); *accord* D. Minn. LR 72.2(b).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).

## II.   WHIPPLE'S OBJECTIONS

The Court understands Whipple to have two objections to the R&R.  First, Whipple objects to the Magistrate Judge's finding that his petition is time-barred.  28 U.S.C. § 2244(d)(1) states:

> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Here, subsection (1)(A) applies because, as the Magistrate Judge noted, "(1) there was never any impediment to Whipple filing a habeas petition previously; (2) Whipple is not asserting that he is entitled to relief pursuant to a constitutional right only recently recognized by the Supreme Court; and (3) Whipple's claim is not predicated on any new

factual discovery." (R&R at 3 (footnote omitted).)[3] Therefore, Whipple's limitations period began running when his "judgment became final by [either] the conclusion of direct review or the expiration of the time for seeking such review." Since Whipple never sought direct review, it is the expiration of the time for seeking such review that is controlling here. In Minnesota, a defendant must seek direct review within 90 days of the entry of a criminal judgment. Minn. R. Crim. P. 28.02, subd. 4(3)(a). For Whipple, those 90 days expired on February 28, 2006, and Whipple's one-year clock for habeas relief ran out one year later on February 28, 2007. (R&R at 4.)[4] Whipple's federal habeas petition – filed in 2015 – was too late.

Whipple objects to this finding because in his view 28 U.S.C. § 2244(d)(2) "extends the limitations period." (Obj. at 2.) Section 2244(d)(2) states, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, Whipple cannot take advantage of § 2244(d)(2)'s terms permitting a pause in his habeas limitations period because his habeas limitations period expired in 2007, well before he filed his first "application for State post-conviction or other collateral review" in 2012. By the time he filed his first post-conviction application in 2012 there was no habeas time limitation left to pause. The disagreement may be that Whipple believes his § 2244(d)(1)

---

[3] Whipple does not dispute this finding by the Magistrate Judge.

[4] Whipple does not dispute that his 90-day clock for direct review expired on February 28, 2006.

clock should have restarted after the Minnesota Supreme Court denied review of his most-recent state court petition on March 17, 2015.  *See Whipple*, 2014 WL 7344358, at *1.  But as the Magistrate Judge noted, § 2244(d)(2) only pauses, not restarts, the one-year limitations clock.  (R&R at 4, n.3.)  Whipple's habeas petition was therefore untimely.

Whipple's second objection challenges the Magistrate Judge's alternative finding, that Whipple's 10-year conditional release sentence was not an ex post facto law.  The Federal Constitution's two Ex Post Facto Clauses state that neither the federal government nor the states may "pass" an "ex post facto Law."  U.S. Const. art. I, §§ 9, 10.   These clauses prohibit certain laws from operating if they are **both** (i) retroactive **and** (ii) punitive.  *See Smith v. Doe*, 538 U.S. 84, 90-92 (2003) (noting that if the at-issue retroactive law is punitive, "that ends the inquiry").  Because both the retroactive and punitive elements are necessary, a law that is retroactive but not punitive is not an ex post facto law, *id.*, and neither is a law that is punitive but not retroactive, *United States v. Pfeifer*, 71 F.3d 430, 436 (8th Cir. 2004).

Whipple's argument falters on the retroactivity element.  The Supreme Court has recognized several examples of impermissible backward-looking punishments, such as a law that "makes an action done before the passing of the law, and which was innocent when done, criminal," or a law that "aggravates a crime, or makes it greater than it was, when committed."  *Peugh v. United States*, 133 S. Ct. 2072, 2081 (2013) (quoting *Calder v. Bull*, 3 Dall. 386, 390 (1798)).  But on the other hand, a statute "is not made retroactive

merely because it draws upon antecedent facts for its operation." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 269 n.24 (1994) (quoting *Cox v. Hart*, 260 U.S. 427, 435 (1922)).

In *United States v. Pfeifer*, the Eighth Circuit addressed retroactivity in a context almost identical to Whipple's. 371 F.3d at 436. In 1985, Pfeifer was convicted of simple assault in South Dakota after he hit his wife. *Id.* at 432-33. In 1996, Congress enacted a statute that made it illegal for anyone previously convicted "in any court of a misdemeanor crime of domestic violence" to possess a firearm affecting interstate commerce. *Id.* at 434 (quoting 18 U.S.C. § 922(g)(9)). In 2001, Pfeifer went hunting with a rifle and, because of his 1985 conviction, was convicted of violating the 1996 statute. *Id.* at 433. Pfeifer argued in his direct appeal exactly what Whipple does now, that he was being punished not for hunting with a rifle in 2001, but instead for his 1985 offense. And because the 2001 punishment was doled out based on a law passed 11 years after the 1985 conviction, Pfeifer believed his punishment to be retroactive. But the Eighth Circuit disagreed, stating: "The critical factor . . . is that the prohibited conduct – possession of a firearm [in 2001] – occurred after the enactment of the statute [in 1996]. . . . It is immaterial that the predicate offense [in 1985] occurred before § 922(g)(9) was enacted." *Id.* at 436 (citations omitted).

Here, Whipple is in the same position as Pfeifer. Minnesota's 10-year mandatory conditional release was imposed on Whipple pursuant to a law passed in 2002 as punishment for conduct that occurred in 2005. Just because the state court drew on antecedent facts – Whipple's 1986 conviction – in applying the 2002 law to Whipple's conduct in 2005 does not mean that the law was applied retroactively; it was not.

Whipple's confusion, however, is understandable, and shared by a number of similarly-situated prisoners:  If Whipple would not have received the mandatory 10-year conditional release but for his 1986 conviction, then how is the conditional release **not** punishment for that 1986 conviction?  The answer is that in determining an appropriate sentence for a criminal defendant, the defendant's prior conduct is often relevant to the amount of punishment necessary to specifically deter or incapacitate that defendant from committing similar crimes in the future.  For example, a person convicted of their tenth theft may pose a greater threat of stealing again as compared to a first-time thief and for that reason may need greater punishment to discourage future stealing.  In other words, past misconduct is often appropriately part of the calculus used to fashion an appropriate punishment for a later-occurring offense, but it is still the later offense for which the criminal is being punished, not the past misconduct.[5]  Whipple's punishment is not retroactive.

---

[5] For example, the United States Sentencing Guidelines and the accompanying manual advise federal judges to consider a defendant's record of past criminal conduct when making their sentencing determinations:

> A defendant's record of past criminal conduct is directly relevant to [four purposes of sentencing:  retribution, deterrence, incapacitation, and rehabilitation].  A defendant with a record of prior criminal behavior is more culpable than a first offender and thus deserving of greater punishment.  General deterrence of criminal conduct dictates that a clear message be sent to society that repeated criminal behavior will aggravate the need for punishment with each recurrence.  To protect the public from further crimes of the particular defendant, the likelihood of recidivism and future criminal behavior must be considered.  Repeated criminal behavior is an indicator of a limited likelihood of successful rehabilitation.

(Footnote continued on next page.)

Whipple rightly recognizes that in order for a law to be an ex post facto law it must not only be retroactive, but also punitive. *Smith*, 538 U.S. at 92. And so Whipple focuses much of his objection on the punitive element, arguing that his 10-year conditional release was punishment and not part of some civil nonpunitive scheme. *See id.* (evaluating whether a new sex-offender registry program that applied retroactively was punitive or nonpunitive). The Court suspects Whipple is correct that the old § 609.109, subdivision 7 is punitive. But whether it is punitive or not does not matter if it is not **retroactively** punitive; only **retroactively** punitive laws can violate the Ex Post Facto Clauses. *See Pfeifer*, 371 F.3d at 436 (finding that an obviously-punitive criminal statute was not an ex post facto law because it was not retroactive). Since the 2002 version of § 609.109, subdivision 7 punished Whipple for his 2005 conviction, not for his 1986 conviction, and as discussed above is therefore not retroactive as applied to Whipple, that is the end of the inquiry. The state court's finding – that Whipple's 2005 sentence did not violate the Ex Post Facto Clauses – was correct, and was certainly not "contrary to, or . . . an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

---

(Footnote continued.)

U.S. Sentencing Guidelines Manual § 4A1.1 (U.S. Sentencing Comm'n 2015) (Introductory Commentary). Not only do judges regularly follow the guidelines and consider a defendant's past criminal conduct when determining an appropriate sentence, it would be error for a judge not to. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1342 (2016) ("[T]he district court must determine the applicable Guidelines range.").

In conclusion, Whipple's habeas petition is untimely, and even if it were timely it fails on its merits.[6]

**ORDER**

Based on the foregoing, and all of the files, records, and proceedings herein, Court **OVERRULES** petitioner's objections [Docket No. 10] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 9].  Accordingly, **IT IS HEREBY ORDERED** that:

1. Whipple's application to proceed *in forma pauperis* [Docket No. 3] is **DENIED**.

2. Whipple's amended petition for a writ of habeas corpus [Docket No. 8] is **DENIED**.

3. The Court does **NOT** certify for appeal under 28 U.S.C. § 2253(c) the issues raised in Whipple's petition.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 5, 2016  
at Minneapolis, Minnesota.

                                                        s/ John R. Tunheim  
                                                        JOHN R. TUNHEIM  
                                                            Chief Judge  
                                                   United States District Court

---

[6] The Magistrate Judge recommended that the Court deny Whipple a certificate of appealability because Whipple has not made a substantial showing of the denial of a constitutional right.  (R&R at 6.)  Whipple did not dispute that portion of the R&R in his objections.  Therefore the Court will deny Whipple a certificate of appealability.